For meaning of Abreviations, See Ternary Digest, page XII.

No. 600

EAST BAY SPORTING CLUB v. MILLER, et. No. 20555

Dock. 5-24-27; 5 Abs. 344; mo. cer. All. 5 Abs. 419.

1261.   WATER AND WATERCOURSES—
1.  Has the riparian owner in Ohio the exclusive right of hunting and fishing, and all other property rights, subject only to the easement of navigation, regardless of whether or not waters are navigable?

2.  Is all water, which rises and falls with the water of Lake Erie, navigable water, where it is deep enough to float a rowboat, or must such water be a means of intercourse and communication with points between which com-

merce, trade, or travel is conducted?

This was an action commenced by the East Bay Sporting Club against A. F. Miller and Charles Schwank. Plaintiff seeks to enjoin defendants from trespassing and fishing upon lands which plaintiff claims to own.

On error to the Court of Common Pleas, the Court of Appeals held that the water which covers this land is navigable water for the reason that it arises and falls with the waters of Sandusky Bay and Lake Erie. That the defendants' contention that the waters upon which they were fishing are a part of Sandusky Bay, and that they, in common with the public have the right to go there for that purpose, was well taken; and that plaintiff's contention that all of the land in question, which lies easterly of a line which, in an agreement between the Firelands Co. and the Connecticut Land Co., was established as the westerly line of Sandusky Bay, was not well taken for the reason that the question of what constitutes Sandusky Bay is one of fact and law, and not for agreement between owners of adjacent lands. (For report of this case in the Court of Appeals see OA. 5 Abs. 298.)

The plaintiff herein is now asking that the Court of Appeals be required to certify its record and contends as follows:—

That the case of the West Huron Sporting Club v. Teasel, decided by the Circuit Court and affirmed by the Supreme Court in 70 OS. 502, and the case of West Huron Sporting Club v. Stroud, et, 78 OS. 445, established property rights, and that the decision of the Court of Appeals in the instant case, constitutes the taking of private property for public use without just compensation, in contravention of Sec. 19, Article 1, of the Constitution of Ohio and of Article 5 of the Constitution of the United States.

That the agreement of Feb. 6, 1806, between the Sufferers Co., or Firelands Co. (as it was sometimes called) and the Connecticut Land Co. determines the west line of the property in question, to be the eastern boundary of Sandusky Bay; and that all land east of this line, including the waters and marshes, were sold as land, and are not a part of Sandusky Bay. That this question was adjudicated more than 25 years ago, and that relying on this decision, plaintiff has made valuable and lasting improvements upon this land.

That the ownership of land under waters of marshes, ponds, rivers, etc., carries with it the exclusive right of hunting and fishing and all other property rights subject only to the easement of navigation. Gavit v. Chambers, 3 Ohio, 496; Walker v. Public Works, 16 Ohio 540; Lamb v. Rickets, 11 Ohio 311; June v. Purcell, 36 OS. 396.

That the rule of property which gives the owner the exclusive right of fishing in the rivers, marshes, etc., adjoining Sandusky Bay, has been repeatedly approved by this court.

That the case of Winous Point Shooting Club v. Slaughterbeck, 96 OS. 139, is not in conflict with the instant case, for the reason that the defendant therein did not contend that he had a righ to fish in the creeks, marshes, etc., adjoining Sandusky Bay, but only in the open waters on the Bay itself.

That there are no navigable waters upon the premises of plaintiff. That the greatest depth of water in one of the streams in question, is not to exceed three feet, and in another stream does not exceed five.feet, and that the land is merely marsh land and subject to private ownership. Baldwin v. Erie Shooting Club, 127 Mich. 659. That the case of Pollock v. Shipbuilding Co., 56 OS. 668, states that the term "easement of navigation" should not be construed in any narrow, scientific sense, but that the reservation of the easement by the state is for the benefit of the public in its use of the highway and should receive a construction in harmony with the nature of the uses of the water by the public, and the object of a public nature to be accomplished by such uses.

That the common law rule of tide waters does not apply in Ohio. State v. Railway Co., 21 CC. (N. S.) 1; Toledo Liberal Shooting Club Co. v. The Erie Shooting Club, 90 Fed. 680.

That all rivers, creeks, channels, etc., connected with Lake Erie and Sandusky Bay rise and fall with the waters of said lake and bay, but that the lands under these rivers, creeks, etc., are subject to private ownership, and the owner has exclusive rights thereon subject to the public right of navigation in the navigable water. Gavit v. Chambers, 3 Ohio 396; June v. Purcell, 36 OS. 396; Day v. Railway Co., 44 OS. 406-419; State v. Shannon, 36 OS. 428; Lembeck v. Nye, 47 OS. 336; Bodi v. Winous Point Shooting Club, 57 OS. 226.